# United States District Court

FILED by ___ M ___ D.C.

MAR - 3 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

v.             SEALED            CRIMINAL COMPLAINT

JOHN V. TOROSIAN

Case No. **11-8068-JMH**

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about <u>February 16, 2011,</u> in <u>Palm Beach</u> County, in the <u>Southern</u> District of <u>Florida</u>, and elsewhere, the defendant, (Track Statutory Language of Offense)

did knowingly and unlawfully have in his possession letters and mail which had been stolen and taken from the U. S. Mail, knowing the same to have been so stolen and taken; AND

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in or affecting commerce, a firearm, to wit, a loaded 9mm Highpoint Semi-Automatic pistol,

in violation of Title ___18___ United States Code, Section(s) ___1708, 922(g)(1) & 924(a)(2)___ .

I further state that I am a(n) <u>Postal Inspector with the U. S. Postal Inspection Service,</u>
Official Title

and that this complaint is based on the following facts:

(Please see attached affidavit.)

Continued on the attached and made a part hereof: [x] Yes [ ] No

_____
Signature of Complainant
Postal Inspector Johnny D. Niedzwiedzki
United States Postal Inspection Service

Sworn to before me, and subscribed in my presence,
upon my finding of probable cause.

3/3/11                                         at    West Palm Beach, Florida
Date                                                  City and State

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE                _____
Name and Title of Judicial Officer             Signature of Judicial Officer

# AFFIDAVIT

I, Johnny D. Niedzwiedzki, being duly sworn, depose and state that:

1. I am a Postal Inspector with the United States Postal Inspection Service. I am currently assigned to the West Palm Beach Postal Inspection Service office. I have been a Postal Inspector since January 2, 1999, and, as such, have participated in the investigation of numerous criminal matters related to the Postal Service including mail theft and the financial crimes resulting in monetary losses to banks, private companies and the public.

2. The information in this affidavit is based upon my personal knowledge, information obtained as part of this investigation through interviews, a review of documents obtained through investigative means, information obtained from other law enforcement officers and witnesses. The affidavit contains only the information needed for probable cause to charge and does not purport to contain all facts known to your affiant and law enforcement concerning the investigation. The victims listed in this affidavit will be referred to by the initials of their first and last name and their gender is referred to as "s/he, his/her" in a gender neutral fashion.

3. On February 16, 2011, at approximately 3:45 PM, I responded to a request from U.S. Secret Service (USSS) Special Agents (SA) T. Fitzpatrick and G. Thompson to Sands Motel, located at 2401 Beach Court, apartment 209, Riviera Beach, FL 33404, regarding a counterfeit currency investigation which revealed the occupant, JOHN V. TOROSIAN, possessed stolen mail from local area mailboxes. Upon arrival I learned that TOROSIAN had signed a written USSS Consent to Search form for SA G. Thompson to search the single room apartment.

4. SA Thompson informed me that he and Riviera Beach Police Officer Randy Edwards initially knocked on the front door of the apartment and TOROSIAN answered the door. SA Thompson explained that he had information that counterfeit currency might be located there and asked TOROSIAN for consent to search the apartment. He also asked who resided in the apartment, and TOROSIAN said that he did and TOROSIAN gave verbal and written consent to search the apartment. Agents later found a hotel agreement for the room in TOROSIAN's name.

5. During the course of the search of the apartment, TOROSIAN inquired of the agent "who told on me? The guy at the convenience store? The girl downstairs?"

6. The search was conducted and the following items were found:

- Approximately $2,000.00 in counterfeit U.S. currency.
- A bag containing U.S. Mail bearing the names of residents in the nearby community, predominately, Singer Island, Palm Beach Shores and Riviera Beach, FL, within ZIP code 33404.
- A 9mm Highpoint Semi-Automatic pistol, serial number P1240726, with four rounds of 9mm ammunition in the magazine.
- 2 boxes containing 181 rounds of .22 caliber ammunition.

### THE COUNTERFEIT U.S. CURRENCY

6. According to SA G. Thompson, various sheets of copied or printed

counterfeit U.S. Currency was found in or on the drawers, as well as other locations in the apartment.  In total, approximately $2,000.00 in counterfeit currency was identified.  TOROSIAN was arrested by Riviera Beach Police Department and charged with possession of counterfeit currency, under Florida State Statute 831.08-3055, and those charges are currently pending.  TOROSIAN was released, under a surety bond, on February 19, 2011.

## THE STOLEN U.S. MAIL

7. A continuing investigation into the recovered mail revealed approximately sixty-one (61) different recipients or senders of mail, with over ninety-one (91) different mail pieces recovered.  None of the mail pieces recovered was addressed to TOROSIAN or 2401 Beach Court, where TOROSIAN resided.  Some of the envelopes were torn open, and the contents were either missing and/or retained by TOROSIAN.  The mail also included checks, written by various persons/mailers.  Some of the mail pieces were located inside a bag at the foot of the bed, while others were found inside the drawer of the chest of drawers near the bed, intermingled with mail addressed to TOROSIAN, as well as his wallet, which contained TOROSIAN's Florida Driver's License.

8. Contact was made with a number of the intended mailers/recipients of the mail pieces that were recovered, including the following:  Intended mail recipient K.D., of Palm Beach Shores, FL, was contacted and stated s/he did not authorize anyone, other than the U.S. Postal Service, to handle his/her mail.  S/he stated s/he did not know that his/her Banana Republic credit card statement was stolen.  During the search, a Banana Republic monthly statement, dated payment due date of March 4,

2011, account x7149, was recovered without the envelope in TOROSIAN'S apartment. The statement bears the victim/addressee's address and mailing barcode.

9. I interviewed victim mailer D.F., who stated his/her staff recently placed an envelope containing a check which s/he had filled out in the outgoing mail box at the apartment complex s/he owns in Riviera Beach, FL. D.F. stated the check, made payable to "Mr. Handyman" and in the amount of $765.00, was not received by the recipient. During the search of TOROSIAN'S room, I recovered check number 131, dated January 14, 2011, written on the account of D.F. for $765.88 and made payable to "Mr. Handyman".

10. Contact was made with intended mail recipient H.H., of Riviera Beach, FL, who stated s/he did not authorize anyone, other than the U.S. Postal Service, to handle his/her mail. H.H. confirmed that on or about January 31, 2011, s/he completed a personal check for $4,352.37 and placed it in an envelope and his mailbox for mailing from his residence. S/He confirmed the check was a payment for his F.I.A. Card Services credit card. During the conduct of the search, I recovered check number 6647, dated January 31, 2011, in the amount $4,352.37, payable to the order of FIA Card, drawn on the account of H.H., along with the associated mailing payment slip bearing the same denomination and due date of February 22, 2011.

11. Contact was made with D.J., of Palm Beach Shores, FL, who stated s/he did not authorize anyone, other than the U.S. Postal Service, to handle his/her mail. D.J. did not know that his/her IRS Form 1099-R, sent from AXA Equitable in Secaucus, NJ, was stolen from the mail. During the conduct of the search, the aforementioned Form 1099-R, without the envelope, was recovered from TOROSIAN'S apartment. The

1099-R contained the delivery address and mailing barcode.

12. Contact was made with G.K. of West Palm Beach, FL, who was advised that two mailings to his/her address in the name of G.K and his/her spouse, K.K. were recovered from the apartment of another person. G.K. stated s/he did not authorize anyone, other than the U.S. Postal Service, to handle his/her mail. The mailings, a February 6, 2011 monthly statement from Nordstrom Bank in Englewood, CO and a 2010 Individual Retirement, IRS Schedule K-1, Form 1065, from DB Commodity / WBNA of New York, NY, were recovered from TOROSIAN'S apartment without their envelopes, but each clearly showed the mailing address and/or barcode set for a windowed envelope.

13. I interviewed D.N. of Clarksville, MD, whose check, numbered 115 and dated February 11, 2011, in the amount of $8,547.00, was recovered from TOROSIAN'S apartment. D.N. stated s/he sent this check to his/her parent, G.S., who lives in Palm Beach Shores, FL. D.N. stated this check was not received by G.S. G.S. was also contacted and stated s/he did not authorize anyone, other than the U.S. Postal Service, to handle his/her mail. Additionally, a second piece of mail, belonging to G.S., was recovered from TOROSIAN'S apartment. This mailing was a State of New York, Comptroller remittance/refund check, dated February 8, 2011, held in trust from First Chicago Trust Company of New York.

## THE FIREARM AND AMMUNITION

14. During the search of the residence, agents lifted the mattress in the bedroom area and discovered a 9mm Highpoint Semi-Automatic pistol, serial number P1240726, with four rounds of 9mm ammunition in the magazine. The weapon's slide

contains the manufacturer city and state of Mansfield, OH.

15. In addition, during the search of one of the drawers of the chest next to the bed, agents found 2 boxes which contained a total of 181 rounds of .22 caliber ammunition.

16. I consulted with Bureau of Alcohol, Tobacco, Firearms and Explosives, Supervisory Special Agent, S. Barborini, who provided his expert opinion that the Hi-Point firearm recovered from TOROSIAN'S apartment was manufactured outside of the State of Florida and has therefore travelled in and affected interstate commerce.

17. Additionally, I requested a National Crime Information Center (NCIC) history report for JOHN V. TOROSIAN. I later confirmed his facial image and personal identifiers obtained from the State of Florida, Driver and Vehicle Information Database (DAVID) matched the booking blotter photo and identifiers related to TOROSIAN'S arrest and with the NCIC data. According to the NCIC report, TOROSIAN was convicted on December 3, 1999 for Vehicle Theft and Burglary in the 15th Judicial Court in West Palm Beach, in Case No. 99011068CFA02. Additionally, TOROSIAN was convicted on May 1, 2009 for Felon in Possession of a Weapon or Ammunition in the 15th Judicial Court in West Palm Beach, in Case No. 502007CF018346AXXXMB. I have confirmed, through online court records, that both of these were felony convictions belonging to JOHN V. TOROSIAN.

**WHEREFORE**, I have probable cause to believe that on February 16, 2011, JOHN TOROSIAN did knowingly and unlawfully have in his possession letters and mail which had been stolen and taken from the U. S. Mail, knowing the same to have been so stolen and taken, in violation of Title 18 United States Code Section 1708; and that TOROSIAN, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in or affecting commerce, a firearm, to wit, a loaded 9mm Highpoint Semi-Automatic pistol, in violation of Title 18 United States Code Sections 922(g)(1) & 924(a)(2); all of which occurred in the Southern District of Florida.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Johnny D. Niedzwiedzki, Postal Inspector
U.S. Postal Inspection Service

Subscribed and sworn to before me

this  3  day of March 2011.

_____
HON. JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 11-8068-JMH

IN RE: CRIMINAL COMPLAINT           SEALED

_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes   X   No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes   X   No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
LAUREN E. JORGENSEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 726885
500 So. Australian Avenue, Suite 400
West Palm Beach, FL  33401
TEL (561) 820-8711
FAX (561) 659-4526
E-mail Address: Lauren.Jorgensen@usdoj.gov